UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHANIE DIANA ENGLISH,

    Plaintiff,

v.                                      Case No:   6:17-cv-268-Orl-DNF

NANCY BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff, Stephanie Diana English, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

On April 2, 2013, Plaintiff filed an application for a period of disability and DIB and an application for SSI, alleging a disability onset date of June 9, 2010. (Tr. 243-49, 250-51). Plaintiff's applications were denied initially on June 25, 2013, and upon reconsideration on August 29, 2013. (Tr. 134-38, 140-46, 149-53, 155-59). Plaintiff requested an administrative hearing and, on November 16, 2015, a hearing was held before Administrative Law Judge ("ALJ") Bernard Porter. (Tr. 48-82). On November 30, 2015, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 25-47). Plaintiff requested review of the ALJ's decision and, on December 14, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). Plaintiff commenced the instant action by Complaint (Doc. 1) on February 15 2017.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 9, 2010, the alleged onset date. (Tr. 30). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, obesity, HIV, diabetes mellitus, hypertension, asthma, peripheral neuropathy, and osteoarthritis of the knee. (Tr. 30). At step three, the ALJ found that Plaintiff did

not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 31).

Before proceeding to step four, the ALJ found that Plaintiff's had the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with no more than occasional operation of foot controls; no more than occasional reaching overhead; no more than frequent handling, fingering, and feeling; no climbing of ladders and scaffolds or crawling; no more than more than occasional climbing of ramps and stairs or kneeling; no more than frequent balancing, stooping, and crouching; no work around unprotected heights or moving mechanical parts; no environment where there are temperature extremes; no concentrated exposure to humidity, wetness, dust, fumes, and gases; in addition to normal breaks, will be off task up to 5% of the workday due to symptomatology; and requires a sit/stand option, which allows a change of position at least every 30 minutes, lasting no more than 3 minutes at a time, remaining in the work station.

(Tr. 31). At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a driver, electric assembler and "supervisor, electric." (Tr. 39).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 39). Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could perform such work an addresser, table worker, and "taper, printed circuit layout." (Tr. 40). The ALJ concluded that Plaintiff had not been under a disability from June 9, 2010, the alleged onset date, through November 30, 2015, the date of the ALJ's decision. (Tr. 41).

## II. Analysis

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to properly evaluate the medical opinions of Plaintiff's treating physician Ronald Rusiecki, M.D. (Doc. 19 p. 14-20). Plaintiff argues that the ALJ's decision to accord little weight to the three medical opinions

offered by Dr. Rusiecki is not supported by substantial evidence. (Doc. 19 p. 16). Plaintiff contends that contrary to the ALJ's finding that Dr. Rusiecki's opinions "are not supported by his treatment records" and "are internally inconsistent with each other," the record shows that the opinions are consistent with Dr. Rusiecki's treatment records and are consistent with each other. (Doc. 19 p. 16-17). Further, Plaintiff argues that the ALJ's reasons for rejecting Dr. Rusiecki's opinions were conclusory statements and were not supported by specific citation to the record. (Doc. 19 p. 18). Finally, Plaintiff contends that the ALJ improperly considered Plaintiff's compliance with her medication, her work history, and his observations of Plaintiff at the administrative hearing. (Doc. 19 p. 18-20).

In response, Defendant argues that the ALJ provided specific reasons, supported by substantial evidence, for according little weight to Dr. Rusiecki's opinions. (Doc. 22 p. 12). Defendant argues that the ALJ specifically noted that Dr. Rusiecki's opinions were inconsistent with his treatment records, which the ALJ discussed earlier in the decision that showed no objective findings of functional limitation. (Doc. 22 p. 13-14). Finally, Defendant argues that the ALJ properly considered Plaintiff's compliance with medications, work history, and Plaintiff's demeanor at the administrative hearing. (Doc. 22 p. 15-17).

The record indicates that Dr. Rusiecki completed three RFC questionnaires on Plaintiff's behalf. The first, completed on July 3, 2013, was filled out in handwriting and portions are difficult to understand due to the handwriting. (Tr. 630-42). Dr. Rusiecki indicated that Plaintiff's diagnoses included neuropathy, and he opined that Ms. English's impairments would be sufficiently severe as to frequently interfere with performance of simple work-related tasks. (Tr. 640). Dr. Rusiecki indicated that Ms. English would need to take 10 to 15 minute unscheduled breaks, beyond those normally allowed, to recline or lie down about every 90 minutes, and would have to be absent from

work 3 to 4 days per month. (Tr. 640-41). Dr. Rusiecki indicated that Plaintiff's impairments were reasonably consistent with the limitations stated in his report. (Tr. 641). Dr. Rusiecki indicated that Plaintiff was not a malingerer and that Plaintiff cannot work an 8 hour day, 5 days a week on a sustained basis. (Tr. 641).

Dr. Rusiecki completed a second RFC questionnaire on October 15, 2013. (Tr. 655-56). In this report, which is slightly more legible than the earlier one, Dr. Rusiecki identified Plaintiff's symptoms as "pain, fatigue, depression, anxiety, neuropathy." (Tr. 655). Dr. Rusiecki opined that Plaintiff would need to "recline or lie down during a typical 8-hour work day in excess of the typical 15 minute break in the morning, the 30-60 minute lunch, and the typical 15-minute break in the afternoon." (Tr. 655). Dr. Rusiecki opined that Plaintiff would have to take unscheduled 15-minute breaks "several times per day." (Tr. 655). Dr. Rusiecki identified drowsiness as one of the side effects of her medications which could impact her capacity for work. (Tr. 655). Dr. Rusiecki estimated that Plaintiff would be absent from work as a result of her impairments more than four times per month. (Tr. 656). Dr. Rusiecki opined that Plaintiff was not a malingerer, that her impairments were reasonably consistent with the functional limitations he described in the form, and that she was not capable of full time employment on a sustained basis. (Tr. 656).

Dr. Rusiecki completed the third RFC questionnaire on August 19, 2014. (Tr. 658-59). Dr. Rusiecki reported, that Plaintiff's symptoms were severe enough to "frequently" interfere with the attention and concentration required to perform simple work-related tasks. (Tr. 658). Dr. Rusiecki reported that Plaintiff would need to lie down during the work day for periods beyond the normal morning break, lunch and afternoon break. (Tr. 658). Dr. Rusiecki reported that Plaintiff would need to take unscheduled breaks during the work day, this time specifying every 3-4 hours and a duration of 20 minutes each. (Tr. 658). Dr. Rusiecki reported that Plaintiff would need to be absent

from work as a result of her impairments more than four times per month. (Tr. 659). Dr. Rusiecki concluded that Plaintiff was not a malingerer, that her impairments were reasonably consistent with the functional limitations he described in the form, and that Plaintiff was not capable of full time employment on a sustained basis. (Tr. 659).

In his decision, the ALJ explained the weight he accorded Dr. Rusiecki's RFC questionnaires as follows:

> The Administrative Law Judge has considered the opinions of Dr. Rusiecki and gives them little weight (Exhibits 11F/84-86 (July of 2013), 11F/72-74 and 12F (October of 2013), and 13F (August of 2014). The undersigned notes that Dr. Rusiecki has a treatment history with the claimant; however, his opined severity is not supported by his treatment records (Exhibits 8F, 11F, 17F, and 18F) and his opinions are internally inconsistent with each other. Furthermore, statements that the claimant is disabled, unable to work, can or cannot perform a past job, meets a Listing or the like are not medical opinions, but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein. Such issues are reserved to the Commissioner who cannot abdicate the statutory responsibility to determine the extent to which they are supported by the record (20 CFR 404.1527(d)(2) and Social Security Ruling (96-5p).

(Tr. 38).

"The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (citation omitted). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision

on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when the: "treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

In this case, the Court finds that the ALJ erred by failing to provide good cause for rejecting the opinions of Plaintiff's treating physician Dr. Rusiecki. The ALJ's decision shows that Dr. Rusiecki's opinions were rejected for two main reasons, because they were not supported by his treatment records and because the opinions were inconsistent with each other. The ALJ's analysis, however, fails to explain how the opinions were not supported by Dr. Rusiecki's treatment records or were inconsistent, internally or with one another.

Courts in the Middle District of Florida have held that stating that a doctor's opinions are inconsistent with the record, without more, does not provide the good cause required to afford them little consideration. *Hourihan v. Comm'r of Soc. Sec.*, 2013 WL 1174958, at *5 (M.D. Fla. Mar. 20, 2013) (citing *Kahle v. Comm'r of Soc. Sec.,* 845 F.Supp.2d 1262, 1272 (M.D. Fla. 2012) (ALJ did not articulate good cause for rejecting the consultative examining doctor's opinion where the ALJ conclusorily stated that the consultative examining doctor's opinion was inconsistent with the record); *Rosario v. Comm'r of Soc. Sec.,* 2012 WL 2589350, at *14 (M.D.Fla.2012) (reversing the ALJ's decision where the ALJ gave medical opinions less than controlling weight based on the conclusion, without more, that they were inconsistent with their own exam records). Here, the

ALJ's reasons for rejecting the opinions of Dr. Rusiecki are merely conclusory statements that do not constitute good cause.

The Court rejects Defendant's argument that the ALJ's reasons were not conclusory because he cited to the treatment records in Exhibits 8F, 11F, 17F, and 18F. (Doc. 22 p. 13). While the ALJ cited to the record, it is unclear how these records are inconsistent with Dr. Rusiecki's opinions. While the ALJ did discuss Dr. Rusiecki's treatment records earlier in the decision, there is nothing in this discussion that makes it obvious how the records are inconsistent with Dr. Rusiecki's opinions. Defendant contends that they are inconsistent because none of the treatment notes contain detailed, objective physical examination findings. Such argumentation, however, constitutes post hoc rationalization that will not cure the defect in the ALJ's decision. *See Baker v. Comm'r of Soc. Sec.*, 384 F. App'x 893, 896 (11th Cir. 2010). On remand, the Court will require the ALJ to reevaluate Dr. Rusiecki's opinions and articulate, with specific reference to the record, the weight he accords to the opinions, and his reasons therefor.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties